UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

BRANDY L. BAKER

VERSUS

ILLINOIS CENTRAL RAILROAD

CIVIL ACTION

NO. 17-1535-JWD-EWD

**<u>NOTICE AND ORDER</u>**

Plaintiff, Brandy L. Baker ("Plaintiff"), filed a Petition for Damages (the "Petition") against Illinois Central Railroad Company ("Illinois Central") and its unknown insurer in state court. Plaintiff's suit arises out of a June 21, 2016 accident wherein Plaintiff was allegedly attempting to cross a railroad crossing owned by Illinois Central and was struck by a west-bound Illinois Central train.[1] Plaintiff alleges that the collision "caused extensive damage to her vehicle"[2] Plaintiff further contends that she is entitled to recover damages including but not limited to: (1) "[m]ental anguish, fear, worry and concern;" (2) "[l]oss of enjoyment of life;" (3) "[l]oss of future earning, income and financial capacity;" (4) "[p]hysical pain and suffering;" and (5) "[s]erious bodily injury."[3]

On October 31, 2017 Illinois Central removed this suit on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. Although the parties appear to be completely diverse,[4] it is not apparent from the face of Plaintiff's Petition that the claims are likely to exceed $75,000.00. In

---

[1] R. Doc. 1-1, ¶¶ 3, 4, & 7.

[2] R. Doc. 1-1, ¶ 8. *See also*, R. Doc. 1-1, ¶ 12 ("BAKER's vehicle sustained extreme damage to the hood, fender and front panel.").

[3] R. Doc. 1-1, ¶ 13.

[4] Per the Petition for Damages, Plaintiff is allegedly domiciled in Louisiana. R. Doc. 1-1. Per the Notice of Removal, Illinois Central alleges that it is incorporated under the laws of the state of Illinois and has its principal place of business in Illinois. R. Doc. 1, ¶ 5. Illinois Central correctly points out that while the Petition also names ABC Insurance Company as a defendant, for purposes of determining whether there is diversity subject matter jurisdiction, the citizenship of a defendant which has been sued under a fictitious name may be disregarded. 28 U.S.C. § 1441(b)(1).

the Petition, Plaintiff alleges that the accident caused "extreme damage" to her vehicle and she additionally asserts she is entitled to recover damages for "serious bodily injury." However, there is no allegation regarding Plaintiff's specific injuries, nor is there any information regarding claimed medical expenses. Illinois Central provides no additional information regarding the amount in controversy in the Notice of Removal. Based on the allegations set forth in the Petition, as well as the information asserted in the Notice of Removal, the court *sua sponte* raises the issue of whether it may exercise diversity jurisdiction in this matter, specifically, whether the amount in controversy requirement has been met.

Accordingly,

**IT IS ORDERED** that Illinois Central shall file a memorandum and supporting evidence concerning subject matter jurisdiction, specifically whether the amount in controversy requirement of 28 U.S.C. § 1332 is met, within ten (10) days of this Notice and Order.

**IT IS FURTHER ORDERED** that Plaintiff shall file either: (1) a memorandum and supporting evidence concerning the court's subject matter jurisdiction, specifically, whether the amount in controversy requirement of 28 U.S.C. § 1332 is met; or (2) a Motion to Remand, within ten (10) days after the filing of Illinois Central's memorandum.

The case will be allowed to proceed if jurisdiction is adequately established.

Signed in Baton Rouge, Louisiana, on November 7, 2017.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**