UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BRANDY L. BAKER                                        CIVIL ACTION

VERSUS

ILLINOIS CENTRAL                              NO. 17-1535-JWD-EWD
RAILROAD COMPANY

## **NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on December 13, 2017.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BRANDY L. BAKER

VERSUS

ILLINOIS CENTRAL
RAILROAD COMPANY

CIVIL ACTION

NO. 17-1535-JWD-EWD

## **RECOMMENDATION**

Before the court is a Motion to Remand[1] filed by plaintiff, Brandy Baker ("Plaintiff"). The Motion to Remand is unopposed.[2] For the reasons set forth herein, the undersigned recommends that the Motion to Remand be GRANTED and this matter be REMANDED to the 21st Judicial District Court, Parish of Livingston, State of Louisiana.

### I. Background

Plaintiff's suit arises out of a June 21, 2016 accident wherein Plaintiff was allegedly attempting to cross a railroad crossing owned by defendant, Illinois Central Railroad Company ("Defendant") and was struck by a west-bound Illinois Central train.[3] Plaintiff alleges that the collision "caused extensive damage to her vehicle"[4] Plaintiff further contends that she is entitled to recover damages including but not limited to: (1) "[m]ental anguish, fear, worry and concern;"

---

[1] R. Doc. 7.

[2] As explained herein, Defendant did file a Memorandum Concerning Subject Matter Jurisdiction on November 16, 2017. R. Doc. 9. Therein, Defendant does not oppose the Motion to Remand, or argue that it can meet its burden of establishing that the amount in controversy requirement of 28 U.S.C. § 1332 is met. Based on Defendant's representations in its November 16, 2017 filing, as well as the fact that Defendant did not timely file an opposition to the Motion to Remand, the undersigned considers the Motion to Remand to be unopposed. *See*, Local Civil Rule 7(f) (any opposition to a motion must be filed within twenty-one days after service).

[3] R. Doc. 1-1, ¶¶ 3, 4, & 7.

[4] R. Doc. 1-1, ¶ 8. *See also*, R. Doc. 1-1, ¶ 12 ("BAKER's vehicle sustained extreme damage to the hood, fender and front panel.").

2

(2) "[l]oss of enjoyment of life;" (3) "[l]oss of future earning, income and financial capacity;" (4) "[p]hysical pain and suffering;" and (5) "[s]erious bodily injury."[5]

On October 31, 2017 Defendant removed this suit on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. Although the parties appear to be completely diverse,[6] on November 7, 2017, this court issued a Notice and Order explaining that it was not apparent from the face of Plaintiff's Petition that the claims were likely to exceed $75,000.00.[7] Specifically, the court noted that although Plaintiff alleged that the accident caused "extreme damage" to her vehicle and sought to recover damages for "serious bodily injury," there was no allegation regarding Plaintiff's specific injuries, nor any information regarding claimed medical expenses.[8] Defendant provided no additional information regarding the amount in controversy in the Notice of Removal. Based on the allegations set forth in the Petition, as well as the information asserted in the Notice of Removal, the court *sua sponte* raised the issue of whether the amount in controversy requirement of 28 U.S.C. § 1332 was met, and ordered the parties submit additional briefing.[9]

On November 11, 2017, Plaintiff filed the instant Motion to Remand.[10] Attached to the Motion to Remand is a "Stipulation" signed by Plaintiff's counsel asserting that Plaintiff stipulates "that the current amount in controversy is $75,000.00 or less, exclusive of interest and costs."[11] In

---

[5] R. Doc. 1-1, ¶ 13.

[6] Per the Petition for Damages, Plaintiff is allegedly domiciled in Louisiana. R. Doc. 1-1. Per the Notice of Removal, Illinois Central alleges that it is incorporated under the laws of the state of Illinois and has its principal place of business in Illinois. R. Doc. 1, ¶ 5. Illinois Central correctly points out that while the Petition also names ABC Insurance Company as a defendant, for purposes of determining whether there is diversity subject matter jurisdiction, the citizenship of a defendant which has been sued under a fictitious name may be disregarded. 28 U.S.C. § 1441(b)(1).

[7] R. Doc. 5.

[8] R. Doc. 5, p. 2.

[9] R. Doc. 5.

[10] R. Doc. 7.

[11] R. Doc. 7-2.

her Memorandum in Support of the Motion to Remand, Plaintiff asserts "[s]ince her initial treatment, [her] symptoms have diminished" and her "medical specials are believed to be less than $5,000.00."[12] Plaintiff also states that she "suffered lost income as a result of the collision for several weeks."[13]

Defendant did not file an opposition to the Motion to Remand. However, Defendant did file a Memorandum Concerning Subject Matter Jurisdiction pursuant to the Court's November 7, 2017 Notice and Order.[14] Therein, Defendant reiterates Plaintiff's contentions that medical specials are believed to be less than $5,000, and Plaintiff's lost income only spanned a matter of weeks.[15] Defendant asserts that while at the time of removal, "complete diversity of citizenship was unquestionable, the requisite amount in controversy…was less clear"[16] and "[u]sing *Luckett*[17] and *Simon*[18] as amount-in-controversy guideposts…based on what is currently known, the petitional [sic] allegations in this action…fall closer to those in *Simon*."[19] Finally, Defendant asserts that it "does not have a good-faith basis from which to challenge plaintiff's representations that her potential damage claim does not exceed $75,000, exclusive of interest and costs…."[20]

---

[12] R. Doc. 7-1, p. 1.

[13] R. Doc. 7-1, p. 1.

[14] R. Doc. 9.

[15] R. Doc. 9, ¶ 3.

[16] R. Doc. 9, ¶ 1.

[17] *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (finding that district court did not err in finding plaintiff's claim exceeded $75,000 where plaintiff alleged defendant's loss of her heart medication caused subsequent heart failure resulting in a hospital stay during part of which she was unconscious).

[18] *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999) (finding amount in controversy was not facially apparent in petition that alleged "with little specificity…an injured shoulder, bruises, and abrasions – and unidentified medical expenses" and that "did not allege any damages for loss of property, emergency transportation, hospital stays, specific types of medical treatment, emotional distress, functional impairments, or disability….").

[19] R. Doc. 9, ¶ 4.

[20] R. Doc. 9, ¶ 5.

## II. Law and Analysis

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Pursuant to 28 U.S.C. § 1332(a), when original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed "the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1). Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed"). In removed actions, diversity of citizenship must exist both at the time of filing in state court and at the time of removal to federal court. *Coury v. Prot*, 85 F.3d 244, 248-289 (5th Cir. 1996) (citation omitted). Remand is proper if at any time the court lacks subject matter jurisdiction. *See*, 28 U.S.C. § 1447(c). The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007).

If removal is sought on the basis of diversity jurisdiction, then "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). If, however, the "State practice ... does not permit demand for a specific sum ... [removal] is proper if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000]." 28 U.S.C. § 1446(c)(2)(A)(ii)-(B). "In order to remain in federal court, the removing parties must prove by a preponderance of the evidence that the jurisdictional minimum exists." *Morton v. State Farm Ins. Co.*, Civl Action No. 08-208, 250 F.R.D. 273, 274 (E.D. La. 2008) (citing *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir.

1999)). The removing party may make this showing either: "(1) by demonstrating that it is 'facially apparent' that the claims are likely above $75,000, or (2) 'by setting forth the facts in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount.'" *Luckett*, 171 F.3d at 298 (quoting *Allen v. R&H Oil & Gas Co.*, 73 F.3d 1326, 1335 (5th Cir. 1995)).

It is Defendant's burden to prove by a preponderance of the evidence the amount in controversy. *Garcia v. Koch Oil Co. of Texas, Inc.*, 351 F.3d 636, 638 (5th Cir. 2003); *Simon v. Wal–Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999). "A showing only that the damages 'could well exceed' the jurisdictional amount or that there is 'some possibility' that the plaintiff 'could recover more' than the jurisdictional amount is insufficient to carry the removing defendant's burden." *Flitter v. Walmart Stores, Inc.*, 2009 WL 2136271, *3 (M.D. La. June 19, 2009) (citing *Allen v. R and H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995) and *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1411–12 (5th Cir. 1995)). Significantly, federal subject matter jurisdiction is strictly construed and when doubtful, remand is appropriate. *Gasch*, 491 F.3d at 281–82.

Here, Defendant has not met its burden of establishing the amount in controversy. Defendant does not contest Plaintiff's assertions regarding medical specials or lost wages, and concedes that based on Plaintiff's allegations as set forth in the Petition, it is not clear that Plaintiff's damages are likely to exceed $75,000.00. Further, "[t]his court routinely remands cases to state court where the parties file a joint or uncontested motion to remand based on a stipulation that the amount in controversy does not exceed the jurisdictional amount." *Jackson v. Perez*, Civil Action No. 13-504, 2013 WL 5741757, at * 2 (M.D. La. Oct. 22, 2013) (citing, *inter alia*, *Eakels v. Allstate Ins. Co.*, Civil Action No. 10-657, 2011 WL 289824 (M.D. La. Jan. 3, 2011)

(recommending remand of case where neither the petition nor the notice of removal established the amount in controversy and the plaintiff stipulated that her damages were less than $75,000.00), report and recommendation adopted, 2011 WL 289669 (M.D. La. Jan. 25, 2011)); *Bennet v. State Farm Fire & Cas. Co.*, Civil Action No. 10-636, 2011 WL 2932512 (M.D. La. June 3, 2011) (in spite of defendant's opposition, recommending remand of case where neither the petition nor the notice of removal established the amount in controversy and the plaintiffs submitted a binding stipulation providing that the amount in controversy was less than $75,000.00 and renouncing their rights to enforce a judgment exceeding that amount), report and recommendation adopted, 2011 WL 2843051 (M.D. La. July 18, 2011).[21] *See also*, *Morton v. State Farm Ins. Co.*, Civil Action No. 08-208, 250 F.R.D. 273, 275 (E.D. La. 2008) ("The Court has consistently recognized that even if a stipulation may not be 'binding' for purposes of La. Code Civ. P. art. 862…it is, nonetheless, strong evidence of the jurisdictional amount…."); *Republic Fire and Casualty Co. v. Zurn Industries, Inc.*, Civil Action No. 10-580, 2010 WL 4116668, at * 2 (M.D. La. Sept. 23, 2010) ("In light of the specific amount of damages sought by plaintiff in the complete copy of the petition and the agreement between the parties that the amount in controversy is not satisfied, it is clear that plaintiff's claim does not satisfy the amount in controversy requirement, and that the motion to remand should be granted."); *Hoffman v. Hartford Ins. Co. of The Midwest*, Civil Action No. 08-199, 2008 WL 504056, at * 1 (E.D. La. Feb. 20, 2008) (granting motion to remand based on "stipulation" that jurisdictional amount was not in controversy at the time of removal and noting that even if such stipulation was not binding under Louisiana law, it was "nonetheless, strong

---

[21] Although amount in controversy is judged at the time of filing the petition and at the time of removal, post-removal affidavits may be considered in determining amount in controversy where the amount in controversy is ambiguous at the time of removal. *Gebbia v. Wal-Mart Stores, Inc*., 233 F.3d 880, 883 (5th Cir. 2000).

evidence of the jurisdictional amount….") Accordingly, Defendant has not met its burden of establishing this court's subject matter jurisdiction.

### III. Recommendation

For the reasons set forth herein, it is the recommendation of the Magistrate Judge that the Motion to Remand[22] be GRANTED and this matter REMANDED to the 21st Judicial District Court, Parish of Livingston, State of Louisiana.

Signed in Baton Rouge, Louisiana, on December 13, 2017.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[22] R. Doc. 7.